1   CDF LABOR LAW LLP
        Jen Cornell, State Bar No. 320529
2       jcornell@cdflaborlaw.com
        Teresa W. Ghali, State Bar No. 252961
3       tghali@cdflaborlaw.com
    600 Montgomery Street, Suite 440
4   San Francisco, CA 94111
    Telephone:  (415) 981-3233
5
    Attorneys for Defendant
6   8X8, INC.

7

8                  **UNITED STATES DISTRICT COURT**

9                **NORTHERN DISTRICT OF CALIFORNIA**

10

11  DENISE RIVAS, on behalf of herself and      )   Case No.
    others similarly situated,                   )
12                                               )   Removed from:
                        Plaintiff,               )   Santa Clara County Superior Court
13              v.                               )   Case No.: 20CV370842
                                                 )
14  8X8, INC., a Delaware corporation; and DOES )   **8X8, INC.'S NOTICE OF REMOVAL**
    1 through 50, inclusive,                     )
15                                               )   Filed concurrently with:
                        Defendant.               )   - Civil Case Cover Sheet; and
16                                               )   - Certificate of Interested Parties
                                                 )
17  _____         )   Action Filed:   September 25, 2020

18

19

20

21

22

23

24

25

26

27

28

Carothers DiSante &
Freudenberger LLP

1692433.1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE NORTHERN DISTRICT OF CALIFORNIA**:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441 and 1446 *et seq.*, Defendant 8x8, Inc. ("8x8" or "Defendant"), hereby provides notice of removal of this action from the Superior Court of California, County of Santa Clara.  In support of removal, 8x8 states the following:

## I. BACKGROUND

1.     On September 25, 2020, Plaintiff commenced an action in the Superior Court of California, County of Santa Clara, styled *Denise Rivas v. 8x8, Inc.,* Case No. 20CV370842 (the "Action").  True and correct copies of all pleadings, process, and orders, and any other documents on file with the State Court in this Action are attached to this Notice as **Exhibit A**.

2.     Plaintiff's Complaint For Damages asserts ten causes of action on a classwide basis for (1) failure to pay minimum wages, (2) failure to pay wages and over time in violation of California Labor Code section 510, (3) meal-period liability in violation of California Labor Code section 226.7, (4) rest-break liability in violation of California Labor Code section 226.7, (5) violation of California Labor Code section 226.7, (6) failure to keep required payroll records under California Labor Code sections 1174 and 1174.5, (7) violation of California Labor Code section 221, (8) penalties pursuant to California Labor Code section 203, (9) violation of Business & Professions Code section 17200, *et seq.*, (10) failure to make proper disclosure in violation of the FCRA.  *See* Exh. A, Complaint For Damages ("Complaint"), generally.

3.     The record on file with Santa Clara County Superior Court in this case reflects that Plaintiff personally served 8x8, Inc. on September 29, 2020 with the Summons and Complaint in this Action.  *See* Exh. A, Proof of Service of Summons and Complaint.

4.     8x8 answered the Complaint in the Superior Court of California, Santa Clara County, on October 28, 2020.  *See* Exh. A, Defendant 8x8, LLC's Answer To Plaintiff Denise Rivas's Class Action Complaint ("Answer").

## II. JURISDICTION

5.     This Court has original jurisdiction over Plaintiff's federal claims in this Action under 28 U.S.C. section 1331.

6.      Plaintiff's state law claims form part of the same case or controversy as they arise from the same nucleus of facts as Plaintiff's federal claims relating to her employment at 8x8. As such, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. section 1367(a).

### III.  INTRADISTRICT ASSIGNMENT

7.      Pursuant to Local Rule 3-2(c) and (e), Intradistrict Assignment to the San Jose Division of the United States District Court for the Northern District of California is proper because the state court action was originally filed in Santa Clara County and Plaintiff alleges that 8x8 employed her at 8x8's offices in Campbell, California, where the allegedly wrongful conduct allegedly committed against her occurred.

### IV.  SATISFACTION OF PROCEDURAL REQUIREMENTS

8.      In accordance with 28 U.S.C. section 1446(a), this Notice is filed in the District Court of the United States in which the action is pending.  The Superior Court of California, County of Santa Clara is located within the Northern District of California.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. section 84(a) because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

9.      No more than 30 days have passed since 8x8 accepted service of the complaint in this action.  *See* Exh. A, Proof of Service of Summons and Complaint.  Therefore, SJBH's Notice of Removal is timely in accordance with 28 U.S.C. section 1446(b).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (service of process is the official trigger for responsive action by the defendant).

10.      In accordance with 28 U.S.C. section 1446(d), a copy of this Notice is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of California in the County of Santa Clara and with the Clerk of the Northern District of California. True and correct copies of the Notice to the Plaintiff and the state court shall be filed promptly.

### V.  CONCLUSION

11.      Based on the foregoing, this Court has jurisdiction on grounds of original and supplemental jurisdiction pursuant to U.S.C. sections 1331and 1367(a).  Thus, removal to federal

court is proper.

12.    In the event this Court has a question regarding the propriety of this Notice of Removal, 8x8 requests that the Court issue an Order to Show Cause so that 8x8 may have the opportunity to more fully brief the basis for this removal.

13.    By filing this Notice of Removal, 8x8 does not waive, either expressly or impliedly, its respective rights to assert any defense it could have asserted in the Superior Court of California, County of Santa Clara, or in the United States District Court for the Northern District of California., including but not limited to, defenses of (1) lack of jurisdiction over the person, (2) improper venue, (3) insufficiency of process, (4) insufficiency of service of process, (5) improper joinder of claims and/or parties, (7) failure to join an indispensable party or parties, or (8) any other pertinent defense available under any state or federal statute or otherwise.   8x8 reserves the right to amend or supplement this Notice of Removal.

Dated:  October 29, 2020            CDF LABOR LAW LLP


                                    By:  */s/ Teresa W. Ghali*
                                            Jen Cornell
                                          Teresa W. Ghali
                                    Attorneys for Defendant
                                    8X8, INC.

8X8, INC'S NOTICE OF REMOVAL

1692433.1

# EXHIBIT A

E-FILED
9/25/2020 1:26 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV370842
Reviewed By: R. Walker

DAVID YEREMIAN & ASSOCIATES, INC.
David Yeremian (SBN 226337)
david@yeremianlaw.com
Roman Shkodnik (SBN 285152)
roman@yeremianlaw.com
535 N. Brand Blvd., Suite 705
Glendale, California 91203
Telephone: (818) 230-8380
Facsimile: (818) 230-0308

DAVTYAN LAW FIRM, INC.
Emil Davtyan (SBN 299363)
emil@davtyanlaw.com
880 E Broadway
Glendale, CA 91205
Telephone: (818) 875-2008
Facsimile: (818) 722-3974

Attorneys for Plaintiff
DENISE RIVAS, on behalf of herself and others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| DENISE RIVAS, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>8X8, INC., a Delaware corporation; and DOES 1 through 50, inclusive<br><br>Defendants. | Case No. **20CV370842**<br><br>CLASS ACTION<br><br>Assigned for All Purposes To:<br>Hon.<br>Dept.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Failure to Pay Minimum Wages;<br>2. Failure to Pay Wages and Overtime Under <u>Labor Code</u> § 510;<br>3. Meal-Period Liability Under <u>Labor Code</u> § 226.7;<br>4. Rest-Break Liability Under <u>Labor Code</u> § 226.7;<br>5. Violation of <u>Labor Code</u> § 226(a);<br>6. Failure to Keep Required Payroll Records Under <u>Labor Code</u> §§ 1174 and 1174.5<br>7. Violation of <u>Labor Code</u> § 221;<br>8. Penalties Pursuant to <u>Labor Code</u> § 203;<br>9. Violation of <u>Business & Professions Code</u> § 17200 *et seq.*<br>10. Failure to Make Proper Disclosure in Violation of the FCRA<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff DENISE RIVAS, (hereinafter "Plaintiff") on behalf of herself and all others similarly situated (collectively, "Employees"; individually, "Employee") complains of Defendants, and each of them, as follows:

## INTRODUCTION

1.      Plaintiff brings this action on behalf of herself and all similarly situated current and former employees within the State of California who, at any time four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt hourly employees by Defendants 8X8, INC., a Delaware corporation, and DOES 1 through 50 (all defendants being collectively referred to herein as "Defendants"). Plaintiff alleges that Defendants, and each of them, violated various provisions of the California Labor Code, relevant orders of the Industrial Welfare Commission (IWC), and California Business & Professions Code, and seeks redress.

2.      Plaintiff also bring this action against Defendants for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*

3.      Plaintiff alleges that Defendants, and each of them routinely acquire consumer reports to conduct background checks on Plaintiff and other prospective, current and former employees and use information from consumer reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law. Defendants are the

4.      Plaintiff is a resident of California and during the time period relevant to this Complaint was employed by Defendants as a non-exempt hourly employee within the State of California at Defendants' facilities and offices in Campbell, California. Plaintiff and the other Class members worked for Defendants in Santa Clara County and throughout California, and consistently worked at Defendants' behest without being paid all wages due. More specifically, Plaintiff and the other similarly situated Class members were employed by Defendants and worked at Defendants' offices and other facilities where the conduct giving rise to the allegations in this Class Action Complaint occurred. Upon information and belief, Plaintiff was employed by Defendants and (1) shared similar job duties and responsibilities, (2) was subjected to the same policies and practices, and (3) endured similar violations at the hands of Defendants as the other

Employee Class members who served in similar and related positions.

5.     Defendants required Plaintiff and the Employees in the Class to work off the clock and to perform work and remain under Defendants' control during their meal and rest breaks. Defendants further failed to accurately record time worked by Plaintiff and the Employee Class members by rounding hours worked to the nearest quarter hour to their detriment. Defendants also failed to provide Plaintiff and the Class with lawful meal periods and failed to authorize and permit them to take all required rest breaks, as Employees were not provided with the opportunity to take uninterrupted and duty-free rest breaks and meal breaks or Defendants failed to timely provide them as required by the Labor Code and applicable IWC Wage Orders. Plaintiff and the Class members were also compelled to clock out for meal periods and return to work off the clock or to otherwise work through meal periods and rest breaks while remaining under Defendants' control due to the difficult work requirements and management demands placed upon them. Defendants thus failed to pay Plaintiff and the Class members for all hours worked, and provided them with inaccurate wage statements that prevented Plaintiff and the Class from learning of these unlawful pay practices.

<u>**THE PARTIES**</u>

**A.  The Plaintiff**

6.     Plaintiff DENISE RIVAS has resided in California and during the time period relevant to this Complaint was employed by Defendants as a non-exempt hourly employee within the State of California at Defendants' facilities and offices in Campbell, California.

**B.  The Defendants**

7.     Defendant 8X8, INC., (8X8") is a Delaware corporation with its principle executive offices in Campbell, California, and has been listed as the employer on the wage statements issued to Plaintiff during the relevant time period. 8X8 lists a California address in Campbell, California with the California Secretary of State, and employs Plaintiff and the Class members in Santa Clara County, including at Defendants' offices and facilities in Campbell, California, and throughout California and Defendants conduct business throughout California.

8.     The true names and capacities, whether individual, corporate, associate, or

whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Does 1 through 50 when their identities become known.

9. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, that Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in all respects as the employers or joint employers of Employees. Defendants, and each of them, exercised control over the wages, hours or working conditions of Employees, or suffered or permitted Employees to work, or engaged, thereby creating a common law employment relationship, with Employees. Therefore, Defendants, and each of them, employed or jointly employed Employees.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure § 410.10 and California Business & Professions Code § 17203. This Action is brought as a Class Action on behalf of similarly situated Employees of Defendants pursuant to California Code of Civil Procedure § 382. Venue as to Defendants is also proper in this judicial district pursuant to California Code of Civil Procedure § 395 *et seq*. Upon information and belief, the obligations and liabilities giving rise to this lawsuit occurred at least in part in Santa Clara County and Defendants maintain and operate company offices and facilities in Santa Clara County, and employ Plaintiff and other Class members in Santa Clara County and throughout California.

## FACTUAL BACKGROUND

11. The Employees who comprise the Class, including Plaintiff, are nonexempt employees pursuant to the applicable Wage Order of the IWC. Defendants hire Employees who

- 4 -
COMPLAINT

work in non-exempt positions at the direction of Defendants in the State of California. Plaintiff and the Class members were either not paid by Defendants for all hours worked or were not paid at the appropriate overtime rates. Specifically, Defendants required Employees to work pre-shift, in excess of their scheduled shifts for which they were not paid wages as Employees were required to spend working hours under the control of Defendants booting up their computers prior to logging into the timekeeping system.  Additionally, Defendants required the Employee Class members to clock in and out by submitting timesheets and also for supervisors to monitor the Employee Class members' time. The timekeeping system thus permitted Defendants to record clock in and clock out times to the real-time minute. However, rather than paying Plaintiff and the Class members for all hours and minutes they actually worked, Defendants followed a uniform policy and practice of rounding all time entries to the nearest quarter hour (i.e., to the nearest 15 minute time increment), and generally did so to the detriment of the Employees, and these unlawfully rounded time entries were inputted into Defendants' payroll system from which wage statements and payroll checks were created. Defendants did so with the ostensible intent of paying Class members only for the hours they were scheduled to work, rather than the hours they were actually under Defendants' control. Plaintiff contends this policy is not neutral and results, over time, to the detriment of the Class members by systematically undercompensating them. Furthermore, Defendants paid Plaintiffs and Employees sick time, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses. However, upon information and belief, Defendants failed to incorporate all remunerations, including sick time, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate. Therefore, during times when Plaintiffs and Employees worked overtime and received sick time, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses, Defendants failed to pay all overtime wages by paying a lower overtime rate than required.

12.    Moreover, Plaintiff contends that Defendants failed to pay Plaintiff and the Class members all wages due and owing, by making unlawful deductions from their pay, failed to provide meal and rest breaks, and failed to furnish accurate wage statements, all in violation of

various provisions of the California <u>Labor Code</u> and applicable Wage Order provisions.

13.     During the course of Plaintiff and the Class members' employment with Defendants, they were not paid all wages they were owed, including for all work performed and for all overtime hours worked, and they were forced to work during their meal and rest breaks to keep labor budgets low.

14.     Defendants had also either failed to maintain timekeeping records for Plaintiff that would permit him to discover the nature and extent of Defendants' unlawful rounding or has refused to produce them to Plaintiff in response to him timely request to be provided with them.

15.     As a matter of uniform and unlawful Company policy, Plaintiff and the Class members were required to work during their meal periods and rest breaks, and they were again not compensated for this off the clock work, in violation of the California <u>Labor Code</u>. Plaintiff and the Class members were also not paid regular wages and overtime for the time they were required to comply with other work demands and requirements imposed upon them, which they often had to complete while working through their meal and rest breaks and without compensation. As a result Plaintiff and the Class members worked shifts over eight (8) hours in a day and over forty (40) hours in a work week, but they were not paid at the appropriate overtime rate for all such hours, including by being required to perform work duties and tasks without pay and while off-the-clock and due to Defendants' unlawful rounding which caused overtime to begin accruing before it did in Defendants' timekeeping and payroll systems. As a result, Plaintiff and the Class members worked substantial overtime hours during their employment with Defendants for which they were not compensated, in violation of the California <u>Labor Code</u> and applicable IWC Wage Orders.

16.     As a result of the above, described unlawful rounding,  the failure to calculate and pay wages at the correct rates, the daily work demands and pressures to work through breaks, and the other wage violations they endured at Defendants' hands, Plaintiff and the Class members were not properly paid for all wages earned and for all wages owed to them by Defendants, including when working more than eight (8) hours in any given day and/or more than forty (40) hours in any given week. As a result of Defendants' unlawful policies and practices, Plaintiff and

1    Class members incurred overtime hours worked for which they were not adequately and

2    completely compensated, in addition to the hours they were required to work off the clock. To the

3    extent applicable, Defendants also failed to pay Plaintiff and the Class members at an overtime

4    rate of 1.5 times the regular rate for the first eight hours of the seventh consecutive work day in a

5    week and overtime payments at the rate of 2 times the regular rate for hours worked over eight (8)

6    on the seventh consecutive work day, as required under the <u>Labor Code</u>, applicable IWC Wage

7    Orders.

8         17.    Therefore, from at least four (4) years prior to the filing of this lawsuit and

9    continuing to the present, Defendants had a consistent policy or practice of failing to pay

10   Employees for all hours worked, and failing to pay minimum wage for all time worked as required

11   by California Law.

12        18.    Additionally from at least four (4) years prior to the filing of this lawsuit and

13   continuing to the present, Defendants had a consistent policy or practice of failing to pay

14   Employees overtime compensation at premium overtime rates for all hours worked in excess of

15   eight (8) hours a day and/or forty (40) hours a week, and double-time rates for all hours worked in

16   excess of twelve (12) hours a day, in violation of <u>Labor Code</u> § 510 and the corresponding

17   sections of IWC Wage Orders.

18        19.    Additionally, from at least four (4) years prior to the filing of this lawsuit and

19   continuing to the present, Defendants have regularly required Employees to work shifts in excess

20   of five (5) hours without providing them with uninterrupted meal periods of not less than thirty

21   (30) minutes, and shifts in excess of ten (10) hours without providing them with second meal

22   periods of not less than thirty minutes; nor did Defendants pay Employees "premium pay," i.e. one

23   hour of wages at each Employee's effective hourly rate of pay, for each meal period that

24   Defendants failed to provide or deficiently provided.

25        20.    From at least four (4) years prior to the filing of this lawsuit and continuing to the

26   present, Defendants have consistently failed to provide Employees with paid rest breaks of not less

27   than ten (10) minutes for every work period of four (4) or more consecutive hours; nor did

28   Defendant pay Employees premium pay for each day on which requisite rest breaks were not

provided or were deficiently provided.

21.     From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have consistently and unlawfully collected or received wages from Employees by making automatic deduction from Employees' wages for alleged meal periods which Employees were consistently denied.

22.     Additionally from at least four (4) years prior to the filing of this lawsuit, and continuing to the present, Defendants have consistently failed to provide Employees with timely, accurate, and itemized wage statements as required by California wage-and-hour laws. The wage statements provided to Employees were confusing as failed to include the above requirements enumerated above. Employees' wage statements did not include: the total hours worked in violation of Labor Code § 226(a)(2) and failed to accurately set forth all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each such rate in violation of Labor Code §  226 (a)(9). The wage statements provided to Employees were confusing and required Employees to engage in discovery and refer to outside sources to verify whether their pay was correct and potentially resulting in a miscalculation by the Employees.  The Defendants failed in their affirmative obligation to keep accurate records of the correct overtime wages based on proper regular rate calculations that included sick time, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses earned, and the total amount of compensation of their Employees.  Moreover, the wage statements given to Employees by Defendants failed to account for wages, overtime, and premium pay for deficient meal periods and rest breaks, and automatically deducted wages for alleged meal periods, all of which Defendants knew or reasonably should have known were owed to Employees, as alleged hereinabove.

23.     Additionally, from at least three (3) years prior to the filing of this lawsuit, and continuing to the present, Defendants have consistently failed to keep accurate time and wage records as required by California wage-and-hour laws.

24.     From at least four (4) years prior to filing this lawsuit and continuing to the present, Defendants have had a consistent policy of failing to pay all wages fur and owed to Employees at the time of their termination of within seventy-two (72) hours of their resignation, as required by

1   California wage-and-hour laws.

2       25.    In light of the foregoing, Employees bring this action pursuant to, inter alia, <u>Labor</u>

3   <u>Code</u> §§ 201, 202, 203, 204, 221, 226, 226.7, 510, 512, 558, 558.1, 1174, 1174.5, 1185, 1194,

4   1194.2, 1197, 1199, and 2802, and applicable provisions of the IWC Wage Orders.

5       26.    Furthermore, pursuant to <u>Business and Professions Code</u> §§ 17200-17208,

6   Employees seek injunctive relief, restitution, and disgorgement of all benefits Defendants have

7   enjoyed from their violations of Labor Code.

8       27.    When Plaintiff applied for employment with Defendants, Defendants provided a

9   disclosure and authorization form to perform a background investigation.

10       28.    The disclosures provided by Defendants contained extraneous and superfluous

11   language that does not consist solely of the disclosure as required by the FCRA and/or is not clear

12   and conspicuous.

13       29.    In violation of Section 1681 b(b)(2)(A) of the FCRA, the following provisions of

14   Defendant's disclosure documents contain extraneous information that violates the "solely"

15   requirement of the FCRA:

16       1. Defendants disclosures include information about obtaining investigative consumer

17   reports on applicants.

18       a. This language is extraneous, noncompliant with FCRA disclosure requirements, and

19   mis-identifies the type of report that will be pulled on applicants.

20       2. Defendant's disclosure includes language stating that the report may include information

21   as to "character, general reputation, personal characteristics, and mode of living"

22       a. This language is extraneous and noncompliant with FCRA disclosure requirements.

23   Specifically, the inclusion of language stating that the report will investigate such broad topics as

24   "character", "general reputation", "personal characteristics", and "mode of living" is vague and

25   ambiguous. This language serves to confuse applicants about the scope of the investigation and

26   does not properly identify how such things are to be investigated.

27       3. Defendants disclosure includes languages stating that applicants who sign authorize "I

28   understand that if the Company hires me or contracts for my services, my consent will apply, and

the Company may, as allowed by law, obtain from HireRight (or from a consumer reporting agency other than HireRight) additional background reports pertaining to me, without asking for my authorization again, throughout my employment or contract period"

a. This language is extraneous and noncompliant with FCRA disclosure requirements. Specifically, Defendants cannot force applicants to sign a document that authorizes any and all future investigative consumer reports. This is a massive overstepping of what is permissible under the FCRA and Defendants should be making separate disclosures for each investigation that they caused to be procured for applicants rather than having them sign one document that purportedly authorize investigations into their background in perpetuity. Furthermore, this is unlawful in that it purports to not only authorize a present consumer investigation, but also any future consumer investigation to be conducted by any unnamed third party. This language only serves to confuse applicants as to the scope of their authorization in their disclosures and unlawfully attempts to grant itself blanket authorization to conduct future investigations without complying with the FCRA.

4. Defendants disclosure includes information regarding the rights of Massachusetts Applicants.

a. This is extraneous and noncompliant with FCRA disclosure requirements. The laws of Massachusetts have no bearing on applicants outside of Massachusetts.

5. Defendants disclosure includes information regarding the rights of Minnesota Applicants.

6. This is extraneous and noncompliant with FCRA disclosure requirements. The laws of Minnesota have no bearing on applicants outside of Minnesota.

7. Defendants disclosure includes information regarding the rights of New Jersey Applicants.

8. This is extraneous and noncompliant with FCRA disclosure requirements. The laws of New Jersey have no bearing on applicants outside of New Jersey.

9. Defendants disclosure includes information regarding the rights of New York Applicants.

a. This is extraneous and noncompliant with FCRA disclosure requirements. The laws of New York have no bearing on applicants outside of New York.

10. Defendants disclosure includes information regarding the rights of Washington State Applicants.

a. This is extraneous and noncompliant with FCRA disclosure requirements. The laws of Washington State have no bearing on applicants outside of Washington State.

30.     Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear and accurate," and thus violates Sections 1681b(b)(2)(A) and 1681d(a). More specifically, the disclosure does not comply with the "clear and conspicuous" requirement because the disclosure includes multi-state information that is not a permissible element in an FCRA disclosure and reduces clarity as to what rights each applicant or employee possesses. The FCRA disclosure should be a standalone document and, if desired, a bare authorization to obtain information, without being weighed down by multiple, irrelevant state law references, confusing and contradictory rights summaries, and acknowledgement of receipt of separate documents, and impermissible references to side documents containing information not set forth in the attempted disclosure.

## CLASS ALLEGATIONS

31.     Plaintiff brings this class action on behalf of herself an all others similarly situated pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent a class defined as follows: "All individuals employed by Defendants, at any time within four (4) years of the filing of this lawsuit, as non-exempt, hourly employees within the State of California.

32.     Further, plaintiff seeks to represent the following Subclasses composed of and defined as follows:

a.     Subclass 1. Minimum Wages Subclass. All Class members who were not compensated for all hours worked for Defendants at the applicable minimum wage.

b.     Subclass 2. Wages and Overtime Subclass. All Class members who were not compensated for all hours worked for Defendants at the required rates of pay, including for all

1   hours worked in excess of eight in a day and/or forty in a week.

2           c.       Subclass 3. Meal Period Subclass. All Class members who were subject to

3   Defendants' policy and/or practice of failing to provide unpaid 30-minute uninterrupted and duty

4   free meal periods or one hour of pay at the Employee's regular rate of pay in lieu thereof.

5           d.       Subclass 4.  Rest Break Subclass.  All Class members who were subject to

6   Defendants' policy and/or practice of failing to authorize and permit Employees to take

7   uninterrupted, duty-free, 10-minute rest periods for every four hours worked, or major fraction

8   thereof, and failing to pay one hour of pay at the Employee's regular rate of pay in lieu thereof.

9           e.       Subclass 5. Wage Statement Subclass. All Class members who, within the

10   applicable limitations period, were not provided with accurate itemized wage statements.

11           f.       Subclass 6. Unauthorized Deductions from Wages Subclass. All Class members

12   who were subject to Defendants' policy and/or practice of automatically deducting 30-minutes

13   worth of wages from Employees for alleged meal periods they were denied and/or by understating

14   the hours worked by Employees.

15           g.       Subclass 7.  Payroll Records Subclass.  All Class members who were subject to

16   Defendants' policy and/or practice of failing to keep accurate time and wage records as required

17   by California wage-and-hour laws.

18           h.       Subclass 8. Termination Pay Subclass. All Class members who, within the

19   applicable limitations period, either voluntarily or involuntarily separated from their employment

20   and were subject to Defendants' policy and/or practice of failing to timely pay wages upon

21   termination.

22           i.       Subclass 9. UCL Subclass. All Class members who are owed restitution as a

23   result of Defendants' business acts and practices, to the extent such acts and practices are found to

24   be unlawful, deceptive, and/or unfair.

25   j.       Subclass 10. UCL Background Check. All Class members who are current, former and

26   prospective  applicants for employment in the United States who applied for a job with Defendants

27   at any time during the period for whom a background check was performed.

28           33.      Plaintiff reserves the right under California Rule of Court 3.765 to amend or

modify the class description with greater particularity or further division into subclasses or limitation to particular issues.

34.     This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure § 382 because there is a well-defined community of interest in litigation and proposed class is easily ascertainable.

**A.     Numerosity**

35.     The potential members of the class as defined are so numerous that joinder of all the member of the class is impracticable. While the precise number of class member has not been determined at this time, Plaintiff is informed and believes that, during the time period relevant to this lawsuit, Defendants employed more than 100 individuals within the State of California.

36.     Accounting for employee turnover during the relevant time period increases this number substantially. Plaintiff alleges that Defendants' employment records will provide information as to the number and location of all class members.

**B.     Commonality**

37.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions of law and fact include:

a.     Whether Defendants failed to pay Employees minimum wages;

b.     Whether Defendants failed to pay Employees wages for all hours worked;

c.     Whether Defendants failed to pay Employees overtime as required under Labor Code § 510;

d.     Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable IWC Wage Orders, by failing to provide Employees with requisite meal periods or premium pay in lieu thereof;

e.     Whether Defendants violated Labor Code §§ 226.7, and the applicable IWC Wage Orders, by failing to provide Employees with requisite rest breaks or premium pay in lieu thereof;

f.     Whether Defendants violated Labor Code § 226(a);

- 13 -

g.      Whether Defendants violated <u>Labor Code</u> §§ 1174 and 1174.5;

h.      Whether Defendants violated <u>Labor Code</u> § 221;

i.      Whether Defendants violated <u>Labor Code</u> §§ 201, 202, and 203 by failing to pay wages and compensation due and owing at the time of termination of employment;

j.      Whether Defendants violated <u>Business and Professions Code</u> § 17200 *et seq.*;

k.      Whether Employees are entitled to equitable relief pursuant to <u>Business and Professions Code</u> § 17200 *et seq*;

l.      Whether Defendant's standard FCRA disclosure meets 15 U.S.C. § 1681b(b)(2)(A)(i)'s "clear and conspicuous disclosure" requirement;

m.      Whether Defendant's standard FCRA disclosure is "in a document that consists solely of the disclosure" (15 U.S.C. § 1681 b(b)(2)(A)(i));

n.      Whether Defendant "willfully" violated the FCRA pursuant to 15 U.S.C. § 1681n.

**C.      Typicality**

38.      The claims of the named plaintiff are typical of those of the other Employees. Employees all sustained injuries and damages arising out of and caused by Defendant's common course of conducts in violation of statutes, as well as regulations that have the force and effect of law, as alleged herein.

**D.      Adequacy of Representation**

39.      Plaintiff will fairly and adequately represent and protect the interest of Employees. Counsel who represents Employees are experienced and competent in litigating employment class actions.

**E.      Superiority of Class Action**

40.      A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Employees is not practicable, and questions of law and fact common to all Employees predominate over any questions affecting only individual Employees. Each Employee has been damaged and is entitled to recovery by reason of Defendants' illegal policies or practices of failing to compensate Employees properly.

41.      Class action treatment will allow those persons similarly situated to litigate their

- 14 -

COMPLAINT

1  claims in the manner that is most efficient and economical for the parties and the judicial system.

2  Plaintiff is unaware of any difficulties in managing this case that should preclude class action.

3  **FIRST CAUSE OF ACTION**

4  **FAILURE TO PAY MINIMUM WAGES**

5  **(Against All Defendants)**

6      42.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

7  full herein.

8      43.    Defendants failed to pay Employees minimum wages for all hours worked.

9  Defendants had a consistent policy of misstating Employees time records and failing to pay

10  Employees for all hours worked. Specifically, Defendants had a consistent policy of failing to

11  pay Employees for hours worked during alleged meal periods for which Employees were

12  consistently denied. (see infra). Defendants also required Employees to work pre-shift, in excess

13  of their scheduled shifts for which they were not paid wages as Employees were required to

14  spend working hours under the control of Defendants booting up their computers prior to logging

15  into the timekeeping system.  Also Defendants rounded timekeeping entries and revisions made

16  to timekeeping records to reflect less time worked than was actually worked and Defendants have

17  also intentionally and improperly rounded, changed, adjusted and/or modified Employee hours,

18  while benefiting Defendants. California Labor Code § 1197, entitled "Pay of Less Than

19  Minimum Wage" states:

20          The minimum wage for employees fixed by the commission is the
   minimum wage to be paid to employees, and the payment of a less
21          wage than the minimum so fixed is unlawful.

22      44.    The applicable minimum wages fixed by the commission for work during the

23  relevant period is found in the Wage Orders. Pursuant to the Wage Orders, Employees are

24  therefore entitled to double the minimum wage during the relevant period.

25      45.    The minimum wage provisions of California Labor Code are enforceable by private

26  civil action pursuant to California Labor Code § 1194(a) which states:

27

28          Notwithstanding any agreement to work for a lesser wage, any
   employee receiving less than the legal minimum wage or the legal
   overtime compensation applicable to the employee is entitled to

- 15 -

COMPLAINT

recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

46.     As described in <u>California Labor Code</u> §§ 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission.

47.     <u>California Labor Code</u> § 1194.2 also provides for the following remedies:

In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

48.     Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees.

49.     Wherefore, Employees are entitled to recover the unpaid minimum wages (including double minimum wages), liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to <u>California Labor Code</u> § 1194(a).

## SECOND CAUSE OF ACTION

### FAILURE TO PAY WAGES AND OVERTIME UNDER <u>LABOR CODE</u> § 510

### (Against All Defendants)

50.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

51.     By their conduct, as set forth herein, Defendants violated California <u>Labor Code</u> § 510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay Employees: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of eight (8) hours on any seventh day of work in a workweek.

52.     Defendants had a consistent policy of not paying Employees wages for all hours

worked including time Employees were consistently required to work "pre-shift" hours, in excess of their eight-hour shift in a given work day by booting up their computers prior to logging into the timekeeping system. Employees were often not properly compensated, nor were they paid overtime rates for all hours worked in excess of eight hours in a given day, and/or forty hours in a given week.  Additionally, Defendants consistently improperly rounded down, changed, adjusted Employees time records, paid Employees less than their time records showed as demonstrated by Employees' timesheets which reveal little variance between the hours worked by employees on a daily basis.

53.     Furthermore, on information and belief, Defendants did not pay Plaintiffs and Employees the correct overtime rate for the recorded overtime hours that they generated.  In addition to an hourly wage, Defendants paid Plaintiffs and Employees sick time, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses. However, upon information and belief, Defendants failed to incorporate all remunerations, including sick time, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate.

54.     Therefore, during times when Plaintiffs and Employees worked overtime and received sick time, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses, Defendants failed to pay all overtime wages by paying a lower overtime rate than required.

55.     Defendants' failure to pay compensation in a timely fashion also constituted a violation of California Labor Code § 204, which requires that all wages shall be paid semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct violation of that provision of the California Labor Code, Defendants have failed to pay all wages and overtime compensation earned by Employees. Each such failure to make a timely payment of compensation to Employees constitutes a separate violation of California Labor Code § 204.

56.     Employees have been damaged by these violations of California Labor Code §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission).

57.     Consequently, pursuant to California Labor Code §§ 204, 510, and 1194 (and the

relevant orders of the Industrial Welfare Commission), Defendants are liable to Employees for the full amount of all their unpaid wages and overtime compensation, with interest, plus their reasonable attorneys' fees and costs.

**THIRD CAUSE OF ACTION**

**MEAL-PERIOD LIABILITY UNDER <u>LABOR CODE</u> § 226.7**

**(Against All Defendants)**

58.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

59.    Employees regularly worked shifts greater than five (5) hours and greater than ten (10) hours. Pursuant to <u>Labor Code</u> § 512 an employer may not employ someone for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second meal period of not less than thirty (30) minutes.

60.    Defendants failed to provide Employees with meal periods as required under the Labor Code. Employees were consistently required to work through their meal periods which they were consistently denied. Employees were also required to take meal periods after working well beyond the five (5) hour shifts.  Furthermore, Employees were regularly required to work for more than 10 hours in a given shift without receiving a second uninterrupted thirty (30) minute meal period as required by law.

61.    Moreover, Defendants failed to compensate Employees for each meal period not provided or inadequately provided, as required under <u>Labor Code</u> § 226.7.

62.    Therefore, pursuant to <u>Labor Code</u> § 226.7, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal period not provided or deficiently provided, a sum to be proven at trial.

**FOURTH CAUSE OF ACTION**

**REST-BREAK LIABILITY UNDER <u>LABOR CODE</u> § 226.7**

**(Against All Defendants)**

63.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

- 18 -

COMPLAINT

full herein.

64.    Employees consistently worked consecutive four (4) hour shifts. Pursuant to the Labor Code and the applicable IWC Wage Order, Employees were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift.

65.    Defendants failed to provide Employees with timely rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift.

66.    Moreover, Defendants did not compensate Employees with an additional hour of pay at each Employee's effective hourly rate for each day that Defendants failed to provide them with adequate rest breaks, as required under Labor Code § 226.7.

67.    Therefore, pursuant to Labor Code § 226.7, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to be proven at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 226(a)**

**(Against All Defendants)**

68.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

69.    California Labor Code § 226(a) requires an employer to furnish each of his or her employees with an accurate, itemized statement in writing showing the gross and net earnings, total hours worked, and the corresponding number of hours worked at each hourly rate; these statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

70.    Defendants failed to provide Employees with accurate itemized wage statements in writing, as required by the Labor Code. Specifically, the wage statements given to Employees, by Defendants, failed to include the above requirements enumerated above. Employees' wage statements did not include: the total hours worked in violation of Labor Code § 226(a)(2) and

failed to accurately set forth all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each such rate in violation of Labor Code § 226 (a)(9). The wage statements provided to Employees were confusing and required Employees to engage in discovery and refer to outside sources to verify whether their pay was correct and potentially resulting in a miscalculation by the Employees. Additionally, Defendants failed in their affirmative obligation to keep accurate records of the correct overtime wages based on proper regular rate calculations that included sick time, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses earned, and the total amount of compensation of their Employees. Moreover, the wage statements given to Employees by Defendants failed to accurately account for wages, overtime, and premium pay for deficient meal periods and rest breaks,  and automatically deducted wages for alleged meal periods, and reflected the incorrect hours worked due to the rounding all of which Defendants knew or reasonably should have known were owed to Employees, as alleged hereinabove.

71.    As a direct and proximate cause of Defendants' violation of <u>Labor Code</u> § 226(a), Employees suffered injuries, including among other things confusion over whether they received all wages owed them, the difficulty and expense involved in reconstructing pay records, and forcing them to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked.

72.    Pursuant to <u>Labor Code</u> §§ 226(a) and 226(e), Employees are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). They are also entitled to an award of costs and reasonable attorneys' fees.

**SIXTH CAUSE OF ACTION**

**FAILURE TO KEEP REQUIRED PAYROLL RECORDS UNDER <u>LABOR CODE</u> § 1174**

**AND 1174.5**

**(Against All Defendants)**

73.    Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in

1　full herein.

2　　　74.　California <u>Labor Code</u> § 1174 requires that all employers shall keep accurate time

3　and wage records for all employees. California <u>Labor Code</u> § 1174.5 further requires that any

4　employee suffering injury due to a willful violation of the aforementioned obligations may seek

5　damages, including civil penalties, from the employer.

6　　　75.　During the course of Plaintiff's and Employees' employment, Defendants

7　consistently failed to maintain accurate time and wage records for Plaintiff and Employees as

8　required by California <u>Labor Code</u> § 1174 by failing to pay Plaintiff and Employees proper wages,

9　overtime, and premium pay as discussed above.

10　　　76.　Accordingly, Defendants are liable for civil penalties pursuant to the California

11　<u>Labor Code</u> §§ 1174.5 for the three (3) years prior to the filing of this Complaint.

12　　　　　　　**<u>SEVENTH CAUSE OF ACTION</u>**

13　　　　　　　**VIOLATION OF <u>LABOR CODE</u> § 221**

14　　　　　　　　**(Against All Defendants)**

15　　　77.　Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

16　full herein.

17　　　78.　<u>Labor Code</u> § 221 provides, "It shall be unlawful for any employer to collect or

18　receive from an employee any part of wages theretofore paid by said employer to said employee."

19　　　79.　Defendants unlawfully received and/or collected wages from employees by

20　implementing a policy of automatically deducting 30 minutes worth of vested wages, from

21　Employees, for alleged meal periods which they were consistently denied, as well as by

22　understating the hours worked by Employees as alleged above.

23　　　80.　As a direct and proximate cause of the unauthorized deductions, Employees have

24　been damaged, in an amount to be determined at trial.

25　　　　　　　**EIGHTH CAUSE OF ACTION**

26　　　　　　　**VIOLATION OF <u>LABOR CODE</u> § 203**

27　　　　　　　　**(Against All Defendants)**

28　　　81.　Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

full herein.

82.     Numerous Employees are no longer employed by Defendants; they either quit Defendants' employ or were fired therefrom.

83.     Defendants failed to pay these Employees all wages due and certain at the time of termination or within seventy-two (72) hours of resignation.

84.     The wages withheld from these Employees by Defendants remained due and owing for more than thirty (30) days from the date of separation of employment.

85.     Defendants' failure to pay wages, as alleged above, was willful in that Defendants knew wages to be due but failed to pay them; this violation entitles these Employees to penalties under Labor Code § 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

**NINTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.**

**(Against All Defendants)**

86.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

87.     Plaintiff, on behalf of herself, Employees, and the general public, brings this claim pursuant to Business & Professions Code § 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

88.     Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

89.     Business & Professions Code § 17200 *et seq*. prohibits unlawful and unfair business practices.

90.     Wage-and-hour laws express fundamental public policies. Paying employees their

wages and overtime, providing them with meal periods and rest breaks, etc., are fundamental public policies of California. <u>Labor Code</u> § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to comply with minimum labor standards.

91.     Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of <u>Business & Professions Code</u> § 17200 *et seq.*; which conduct has deprived Plaintiff, and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

92.     Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of the <u>Business & Professions Code</u> § 17200 *et seq.*

93.     Defendants, by engaging in the conduct herein alleged, by failing to pay wages and overtime, failing to provide meal periods and rest breaks, etc., either knew or in the exercise of reasonable care should have known that their conduct was unlawful; therefore their conduct violates the <u>Business & Professions Code</u> § 17200 *et seq.*

94.     As a proximate result of the above-mentioned acts of Defendants, Employees have been damaged, in a sum to be proven at trial.

95.     Unless restrained by this Court Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the Business & Professions Code this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the Business & Professions Code, including but not limited to the disgorgement of such profits as may be necessary to restore Employees to the money Defendants have unlawfully failed to pay.

///

**TENTH CAUSE OF ACTION**

**FAILURE TO MAKE A PROPER DISCLOSURE IN VIOLATION OF THE CFRA**

**(15 U.S.C. §§ 1681b(b)(2)(A))**

**(Against All Defendants)**

96.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

97.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

98.     Defendants are "persons" as defined by Section 1681 a(b) of the FCRA.

99.     Plaintiff and FCRA Class members are "consumers" within the meaning Section 1681a(c) of the FCRA, because they are "individuals."

100.     Section 1681a(d)(1) of the FCRA defines "consumer report" as any oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility" for employment purposes. As defined, a credit and background report qualifies as a consumer report.

101.     Section 1681b(b) of the FCRA provides, in relevant part: Conditions for furnishing and using consumer reports for employment purposes

(2) Disclosure to consumer

(A) In general

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless--

(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added).

7. Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made in writing.

102.   As described above, Plaintiff alleges, on information and belief, that in evaluating her and other class members for employment, Defendants procured or caused to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e)).

103.   The purported disclosures do not meet the requirements under the law because they are embedded with extraneous information, and are not clear and conspicuous disclosures in a stand-alone document.

104.    Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii). The inclusion of a release and other extraneous information, therefore, violates § 1681b(b)(2)(A) of the FCRA.

105.   Although the disclosure and the authorization may be combined in a single document, the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous information or be part of another document. For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated: The disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure.

106.   Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members.

107.   Defendants' willful conduct is reflected by, among other things, the following facts: (a) Defendants are large entities with access to legal advice; (b) Defendants required a purported

- 25 -
COMPLAINT

authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations;

108.    Accordingly, Defendants willfully violated and continue to violate the FCRA including, but not limited to, §§ 1681b(b)(2) (A) and 1681d(a). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

109.    Plaintiff, on behalf of herself and all FCRA Class members, seeks remedies pursuant to 15 U.S.C. § 1681n, including statutory damages, and attorneys' fees and costs.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

1.     For an order certifying this action as a class action;

2.     For compensatory damages in the amount of the unpaid minimum wages for work performed by Employees and unpaid overtime compensation from at least four (4) years prior to the filing of this action, as may be proven;

3.     For liquidated damages in the amount equal to the unpaid minimum wage and interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

4.     For compensatory damages in the amount of all unpaid wages, including overtime and double-time pay, as may be proven;

5.     For compensatory damages in the amount of the hourly wage made by Employees for each missed or deficient meal period where no premium pay was paid therefor from four (4) years prior to the filing of this action, as may be proven;

6.     For compensatory damages in the amount of the hourly wage made by Employees for each day requisite rest breaks were not provided or were deficiently provided where no premium pay was paid therefor from at least four (4) years prior to the filing of this action, as may be proven;

7.     For penalties pursuant to Labor Code § 226(e) for Employees, as may be proven;

8.     For restitution and/or damages for all amounts unlawfully withheld from the wages for all class members in violation of Labor Code § 221, as may be proven;

9.      For penalties pursuant to <u>Labor Code</u> § 203 for all Employees who quit or were fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

10.     For penalties pursuant to <u>Labor Code</u> § 1174.5, as may be proven;

11.     For restitution for unfair competition pursuant to <u>Business & Professions Code</u> § 17200 *et seq*., including disgorgement or profits, as may be proven;

12.     For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

13.     A determination and judgment that Defendant willfully violated 15 U.S.C. § 1681(b)(2)(A)(i) and(ii) of the FCRA;

14.     Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages to Plaintiff and all Class members each willful violation of the FCRA;

15.     Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to Plaintiff and all Class members;

16.     For all general, special, and incidental damages as may be proven;

17.     For an award of pre-judgment and post-judgment interest;

18.     For an award providing for the payment of the costs of this suit;

19.     For an award of attorneys' fees; and

20.     For such other and further relief as this Court may deem proper and just.


DATED:  September 25, 2020                      DAVID YEREMIAN & ASSOCIATES, INC.

                                               By _____
                                                  David Yeremian
                                                  Roman Shkodnik
                                                  Attorneys for Plaintiff
                                                  DENISE RIVAS
                                                  and the putative class

COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

3

4    DATED:  September 25, 2020                    DAVID YEREMIAN & ASSOCIATES, INC.

5

6                                                 By

7                                                    David Yeremian
                                                     Roman Shkodnik
8                                                    Attorneys for Plaintiff
                                                     DENISE RIVAS
9                                                    and the putative class

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 28 -
COMPLAINT

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Roman Shkodnik SBN 285152<br>**David Yeremian & Associates, Inc.**<br>535 N Brand Blvd Ste 705<br>Glendale, CA 91203<br>TELEPHONE NO.: **(818) 230-8380**     FAX NO. *(Optional):*<br><br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*     **Plaintiff** | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 10/13/2020 5:02 PM<br>Reviewed By: System System<br>Case #20CV370842<br>Envelope: 5100408** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA - CENTRAL (EFILING)
STREET ADDRESS: 191 N First St.
MAILING ADDRESS: 191 N First St.
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA - CENTRAL (EFILING)

| PLAINTIFF/PETITIONER: Denise Rivas<br>DEFENDANT/RESPONDENT: 8X8, Inc. | CASE NUMBER:<br>20CV370842 |
|---|---|
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>Rivas v. 8X8, Inc. |

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.     BY FAX

2. I served copies of: ***SUMMONS, COMPLAINT, CIVIL CASE COVER SHEET, CIVIL LAWSUIT NOTICE;***

3. a. Party served *(specify name of party as shown on documents served):* **8x8, Inc., a Delaware corporation**

   b. [ **✖** ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Peter Cayetano, Agent for CT Corp**

4. Address where the party was served: ***818 W 7th St 930 Los Angeles, CA 90017***

5. I served the party *(check proper box)*
   a. [ **✖** ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **9/29/2020** (2) at: **12:15 PM**
   b. [ ] **by substituted service.** On: at: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

   (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [ ] **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
   on: from: **or** [ ] a declaration of mailing is attached.

   (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

POS-010 [Rev. January 1, 2007]     **PROOF OF SERVICE OF SUMMONS**

Invoice # 3880302-02

| PLAINTIFF/PETITIONER: Denise Rivas | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: 8X8, Inc. | 20CV370842 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on*:*    (2) from*:*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☒ On behalf of *(specify):* **8x8, Inc., a Delaware corporation**
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**

  a. Name: **Judith Smith**
  b. Address: **15345 Fairfield Ranch Rd  Suite 200, Chino Hills, CA 91709**
  c. Telephone number: **909-664-9577**
  d. **The fee** for service was: **$80.00**
  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ a registered California process server:

      (i) ☐ owner ☐ employee ☒ independent contractor.

      (ii) Registration No.: **2013100780**

      (iii) County: **Los Angeles**

8.  ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

▶ _____

**Judith Smith**      Date: **09/29/2020**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA  95113-1090**

**Electronically Filed**
**by Superior Court of CA,**
**County of Santa Clara,**
**on 9/29/2020 3:14 PM**
**Reviewed By: R. Walker**
**Case #20CV370842**
**Envelope: 5017640**

TO:     FILE COPY

RE:              **Rivas v. 8X8, Inc.**
CASE NUMBER:     **20CV370842**

**ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY**
**AND RESPONSIVE PLEADING DEADLINE**

WHEREAS, the Complaint was filed by Plaintiff **DENISE RIVAS** ("Plaintiff") in the Superior Court of California, County of Santa Clara, on **September 25, 2020** and assigned to Department **1** (Complex Civil Litigation), the **Honorable Brian C. Walsh**  presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:
The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400.  The matter remains assigned, for all purposes, including discovery and trial, to Department  **1** (Complex Civil Litigation), the **Honorable Brian C. Walsh**  presiding.
The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.
Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **DENISE RIVAS**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.
Pursuant to Government Code section 70616(c), each party's complex case fee is due within ten (10) calendar days of this date.
Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.
Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order.  Any response to the objection must be filed within seven (7) days of service of the objection.  The Court will make its ruling on the submitted pleadings.
The Case Management Conference remains set for **January 21, 2021 at 2:30 p.m. in Department 1**  and all counsel are ordered to attend by **CourtCall**.
Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:
1. Issues related to recusal or disqualification;
2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;

-----
Updated on 7/30/20.

1

3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;
6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;
7. Any issues involving the protection of evidence and confidentiality;
8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendar days prior to the First Case Management Conference, and include the following:

1. A Statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
2. Service lists identifying all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel;
3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;
4. Applicability and enforceability of arbitration clauses, if any;
5. A list of all related litigation pending in other courts, including Federal Court, and a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated (CRC 3.300);
6. A description of factual and legal issues – the parties should address any specific contract provisions the interpretation of which may assist in resolution of significant issues in the case;
7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
8. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery.  If this is a class action lawsuit, the parties should address the issue of limited merits discovery in advance of class certification motions.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda.  The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case.  The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

**STAY ON DISCOVERY AND RESPONSIVE PLEADING DEADLINE**  Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction.  Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for

change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings.  This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date:   September 29, 2020

Hon. **Brian C. Walsh**
Judge of the Superior Court

---

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

1

2

3

4

5

6

7

8

9

10

11

DAVID YEREMIAN & ASSOCIATES, INC.
David Yeremian (SBN 226337)
david@yeremianlaw.com
Roman Shkodnik (SBN 285152)
roman@yeremianlaw.com
535 N. Brand Blvd., Suite 705
Glendale, California 91203
Telephone: (818) 230-8380
Facsimile: (818) 230-0308

DAVTYAN LAW FIRM, INC.
Emil Davtyan (SBN 299363)
emil@davtyanlaw.com
880 E Broadway
Glendale, CA 91205
Telephone: (818) 875-2008
Facsimile: (818) 722-3974

Attorneys for Plaintiff
DENISE RIVAS, on behalf of herself and others similarly situated

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 10/13/2020 5:02 PM
Reviewed By: R. Walker
Case #20CV370842
Envelope: 5100408**

12

13

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SANTA CLARA**

14

15

16

17

18

19

20

21

| | |
|---|---|
| DENISE RIVAS, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>8X8, INC., a Delaware corporation; and DOES 1 through 50, inclusive<br><br>Defendants. | Case No.: 20CV370842<br><br>Assigned for All Purposes To:<br>Hon. Brian C. Walsh<br><br>**NOTICE OF CASE MANAGEMENT CONFERENCE AND COURT RULING RE COMPLEX DETERMINATION**<br><br>Date:   January 21, 2021<br>Time:  2:30 p.m.<br>Dept.:  1 |

22

23

24

25

26

27

28

- 1 -

NOTICE OF CASE MANAGEMENT CONFERENCE AND COURT RULING RE COMPLEX DETERMINATION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to the Court's Order attached hereto as Exhibit A, this case is hereby determined to be complex and a Case Management Conference has been scheduled for January 21, 2021 at 2:30 p.m. in Department 1. This case is assigned to Honorable Brian C. Walsh for all further proceedings and for all purposes including discovery and trial. Plaintiff ordered to give notice.

DATED:  October 13, 2020

DAVID YEREMIAN & ASSOCIATES, INC.

By _____
David Yeremian
Roman Shkodnik
Attorneys for Plaintiff Denise Rivas

NOTICE OF CASE MANAGEMENT CONFERENCE AND COURT RULING RE COMPLEX DETERMINATION

# EXHIBIT A

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA  95113-1090**

**Electronically Filed**
**by Superior Court of CA,**
**County of Santa Clara,**
**on 9/29/2020 3:14 PM**
**Reviewed By: R. Walker**
**Case #20CV370842**
**Envelope: 5017640**

TO:     FILE COPY

RE:             **Rivas v. 8X8, Inc.**
CASE NUMBER:    **20CV370842**

**ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY**
**AND RESPONSIVE PLEADING DEADLINE**

WHEREAS, the Complaint was filed by Plaintiff **DENISE RIVAS** ("Plaintiff") in the Superior Court of California, County of Santa Clara, on **September 25, 2020** and assigned to Department **1** (Complex Civil Litigation), the **Honorable Brian C. Walsh**  presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:
The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400.  The matter remains assigned, for all purposes, including discovery and trial, to Department  **1** (Complex Civil Litigation), the **Honorable Brian C. Walsh**  presiding.
The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.
Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **DENISE RIVAS**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.
Pursuant to Government Code section 70616(c), each party's complex case fee is due within ten (10) calendar days of this date.
Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.
Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order.  Any response to the objection must be filed within seven (7) days of service of the objection.  The Court will make its ruling on the submitted pleadings.
The Case Management Conference remains set for **January 21, 2021 at 2:30 p.m. in Department 1**  and all counsel are ordered to attend by **CourtCall**.
Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:
   1. Issues related to recusal or disqualification;
   2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;

-----
Updated on 7/30/20.                                                                                      1

3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;
6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;
7. Any issues involving the protection of evidence and confidentiality;
8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendar days prior to the First Case Management Conference, and include the following:

1. A Statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
2. Service lists identifying all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel;
3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;
4. Applicability and enforceability of arbitration clauses, if any;
5. A list of all related litigation pending in other courts, including Federal Court, and a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated (CRC 3.300);
6. A description of factual and legal issues – the parties should address any specific contract provisions the interpretation of which may assist in resolution of significant issues in the case;
7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
8. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery.  If this is a class action lawsuit, the parties should address the issue of limited merits discovery in advance of class certification motions.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda.  The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case.  The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

**STAY ON DISCOVERY AND RESPONSIVE PLEADING DEADLINE**  Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction.  Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for

change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings.  This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date:   September 29, 2020

Hon. **Brian C. Walsh**
Judge of the Superior Court

---

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

     I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 535 N. Brand, Blvd. Suite 705, Glendale CA 91203.

     On October 13, 2020 I served the foregoing: **NOTICE OF CASE MANAGEMENT CONFERENCE AND COURT RULING RE COMPLEX DETERMINATION** on Interested Parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

**8x8, Inc.**
Peter Cayetano, Agent for CT Corporation
818 W 7ᵗʰ Street, Suite 930
Los Angeles, CA 90017

**[X]**    **(BY MAIL)** I placed such envelope with postage thereon fully paid in the United States mail at Glendale, California. I am "readily familiar" with this firm's practice of collecting and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

**[ ]**    **(ONLY BY ELECTRONIC TRANSMISSION)** Only by e-mailing the document(s) to the persons at the e-mail address(es) listed based on notice provided on **October 13, 2020** that, during the **Coronavirus (COVID-19) pandemic**, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

**[ ]**    **(BY OVERNIGHT DELIVERY)** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the address above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

**[X]**    **(STATE)** I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on October 13, 2020, at Glendale, California.

*Natalia Bermudes*
Natalia Bermudes

1    CDF LABOR LAW LLP
         Jen Cornell, State Bar No. 320529
2        jcornell@cdflaborlaw.com
         Teresa W. Ghali, State Bar No. 252961
3        tghali@cdflaborlaw.com
     600 Montgomery Street, Suite 440
4    San Francisco, CA 94111
     Telephone:  (415) 981-3233
5
     Attorneys for Defendant
6    8X8, INC.

7

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 10/28/2020 2:41 PM
Reviewed By: R. Walker
Case #20CV370842
Envelope: 5195912**

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **COUNTY OF SANTA CLARA**

10

11   DENISE RIVAS, on behalf of herself and     )   Case No. 20CV370842
     others similarly situated,                 )
12                                               )   **DEFENDANT 8X8, INC.'S ANSWER TO**
                     Plaintiff,                  )   **PLAINTIFF DENISE RIVAS'**
13           v.                                  )   **COMPLAINT**
                                                 )
14   8X8, INC., a Delaware corporation; and DOES )   Action Filed:   September 25, 2020
     1 through 50, inclusive,                    )
15                                               )
                     Defendant.                  )
16   _____        )

17

18

19

20

21

22

23

24

25

26

27

28

CAROTHERS DiSANTE &
FREUDENBERGER LLP

1704593.1

                                    DEFENDANT'S ANSWER TO PLAINTIFF'S'
                                                         COMPLAINT

Defendant 8x8, Inc. ("Defendant" or "8x8") hereby answers the first Complaint ("Complaint") filed by Plaintiff Denise Rivas ("Plaintiff") on September 25, 2020 as follows:

## I. GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure § 431.30, Defendant generally denies each and every material allegation in the Complaint and specifically denies that Plaintiff and members of the purported class have been damaged in any amount, sum, or manner whatsoever.

## II. AFFIRMATIVE DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The affirmative defenses asserted herein are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any affirmative defense contained herein at any time.

Without conceding that it bears the burden of proof or persuasion as to any one of them, Defendant alleges the following separate affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1.      The Complaint fails to state facts sufficient to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Statutes of Limitations)

2.      Plaintiff's alleged causes of action are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§ 337, 338, 339, 340 and 343, California Labor Code § 203 and 15 U.S.C. § 1681p.

### THIRD AFFIRMATIVE DEFENSE

#### (Provision of Meal Periods)

3.      Plaintiff and members of the proposed class were, at all relevant times, offered and provided the opportunity to take meal periods, and were not forced to forego such meal periods, in

1 │ accordance with the law.

2 │ ## FOURTH AFFIRMATIVE DEFENSE

3 │ (Provision of Rest Periods)

4 │     4.    Plaintiff and members of the proposed class were, at all relevant times, offered and

5 │ provided the opportunity to take rest periods, and were not forced to forego such rest periods, in

6 │ accordance with the law.

7 │ ## FIFTH AFFIRMATIVE DEFENSE

8 │ (Payment of Wages)

9 │     5.    Any and all wages or other compensation owed were paid to Plaintiff and members

10 │ of the proposed class in a complete, full, fair and timely manner consistent with any and all

11 │ applicable regulations and statutes.

12 │ ## SIXTH AFFIRMATIVE DEFENSE

13 │ (No Injury in Fact or Loss of Money and Property)

14 │     6.    Plaintiff and the members of the proposed class have not sustained the required

15 │ injury in fact and/or lost the requisite money or property necessary to confer standing pursuant to

16 │ California Business and Professions Code sections 17200 *et seq.*

17 │ ## SEVENTH AFFIRMATIVE DEFENSE

18 │ (Benefits of Business Practice)

19 │     7.    Defendant is not liable for any alleged unfair business practices under the California

20 │ Business and Professions Code section 17200, *et seq.*, as the benefits of Defendant's practices to

21 │ Plaintiff and the proposed class members outweighs whatever particular alleged harm or impact the

22 │ practices allegedly caused them.

23 │ ## EIGHTH AFFIRMATIVE DEFENSE

24 │ (*De Minimis*)

25 │     8.    To the extent that the meal or rest periods that were taken by the Plaintiff and the

26 │ proposed class members are alleged to have been short or late, or to the extent that any time

27 │ worked is alleged to have been uncompensated, any time involved was *de minimis*, and as a result,

28 │ Plaintiff and the proposed class members cannot recover for such circumstances.

DEFENDANT'S ANSWER TO PLAINTIFF'S'
COMPLAINT

1704593.1

## NINTH AFFIRMATIVE DEFENSE

### (No Knowing and Intentional Failure or Willfulness)

9.    Plaintiff and the proposed class cannot recover damages or penalties because there was no "knowing and intentional" failure and Defendant did not act willfully or with knowledge or reckless disregard as to whether its conduct violated California wage and hour laws or the Fair Credit Reporting Act.

## TENTH AFFIRMATIVE DEFENSE

### (Reasonable Procedures)

10.    Plaintiff's claim is barred because at all relevant times, Defendant maintained reasonable procedures to assure compliance with the Fair Credit Reporting Act pursuant to 15 U.S.C. § 1681 *et seq.*

## ELEVENTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

11.    Plaintiff and the proposed class members cannot recover damages or penalties because there is a good-faith dispute concerning Defendant's compliance with the Labor Code and the Fair Credit Reporting Act.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Knowledge, Authorization, or Ratification)

12.    Defendant is not liable for the alleged damages because if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he/she/they/it did so without the knowledge, authorization, or ratification of Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Employer's Directions – Labor Code § 2856)

13.    Plaintiff's alleged causes of action are barred, in whole or in part, because Plaintiff and the proposed class members did not comply substantially with all the directions of Defendant concerning the services for which they were engaged.

///

///

4

DEFENDANT'S ANSWER TO PLAINTIFF'S' COMPLAINT

1704593.1

1

### FOURTEENTH AFFIRMATIVE DEFENSE

2

(Privilege/Legitimate Business Reasons)

3       14.     Plaintiff's alleged causes of action are barred, in whole or in part, because

4   Defendant had an honest, good faith belief that all decisions, if any, affecting Plaintiff and the

5   proposed class members were made for legitimate, business-related reasons that were neither

6   arbitrary, capricious, nor unlawful and were reasonably based upon the facts as Defendant

7   understood them.

8

### FIFTEENTH AFFIRMATIVE DEFENSE

9

(No Ascertainable Class or Community of Interest)

10      15.     Plaintiff and the proposed class members do not meet the elements which are

11  necessary for class action treatment because there is no ascertainable class and no well-defined

12  community of interest among the proposed class members.

13

### SIXTEENTH AFFIRMATIVE DEFENSE

14

(No Numerosity/Joinder Not Practicable)

15      16.     Plaintiff and the proposed class members do not meet the elements which are

16  necessary for class treatment because the proposed class members are not so numerous so as to

17  make joinder impracticable.

18

### SEVENTEENTH AFFIRMATIVE DEFENSE

19

(Failure of Proposed Class Representative to Have Claims Typical of the Class)

20      17.     Plaintiff and the proposed class members do not meet the elements which are

21  necessary for class action treatment because the proposed class representative does not have claims

22  typical of the proposed class members.

23

### EIGHTEENTH AFFIRMATIVE DEFENSE

24

(Failure to Qualify as a Class Representative)

25      18.     Plaintiff does not meet the requirements for a class representative for the proposed

26  class members that she seeks to represent.

27  ///

28  ///

5

1704593.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure of Predominant Common Questions of Law or Fact)

19.     Plaintiff and the proposed class members do not meet the elements which are necessary for class action treatment because there are no predominant common questions of law or fact between the proposed class representative and the proposed class members.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Not Manageable as a Class Action)

20.     Plaintiff and the proposed class members do not meet the elements which are necessary for class action treatment because the claims in the Complaint would not be manageable as a class action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Class Action Not Superior Method of Adjudication)

21.     Plaintiff and the proposed class members do not meet the elements which are necessary for class action treatment because the class action procedure is not superior to less burdensome procedures.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Violation of Constitutional Rights)

22.     The relief requested in the Complaint by Plaintiff and proposed class members pursuant to California Business and Professions Code sections 17200 *et seq.*, violates Defendant's constitutional rights under provisions of the United States and California Constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

23.     The Complaint is barred, in whole or in part, by the defense of accord and satisfaction to the extent the claims of Plaintiff and the proposed class members have been settled and/or released pursuant, but not limited to, releases based upon the provisions of California Civil Code section 1542.

6                    DEFENDANT'S ANSWER TO PLAINTIFF'S' COMPLAINT

1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

2

(Unjust Enrichment)

3      24.      The Complaint is barred because any recovery from Defendant would result in

4  Plaintiff's and the proposed class members' unjust enrichment because Defendant did not engage

5  in any unlawful activity.

6

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

7

(Laches)

8      25.      Plaintiff's and the proposed class members' claims are barred because the claims

9  have not been raised in a timely fashion.

10

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

11

(Waiver)

12     26.      Plaintiff and the proposed class members have waived the right, by reason of their

13  conduct and actions, to assert some or all of the claims alleged in the Complaint.

14

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

15

(Consent)

16     27.      Plaintiff's and the proposed class members' alleged causes of action are barred, in

17  whole or in part, by the doctrine of consent.

18

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

19

(Good Faith)

20     28.      Defendant's actions with respect to the subject matter in the alleged causes of action

21  were undertaken in good faith and for good cause, with the absence of malicious intent to injure

22  Plaintiff or the proposed class members.

23

## TWENTY-NINTH AFFIRMATIVE DEFENSE

24

(Intervening Cause)

25     29.      The alleged causes of action are barred, in whole or in part, because Plaintiff's and

26  the proposed class members' injuries, if any, were the result of intervening and superseding causes,

27  not Defendant's conduct.

28  ///

7

DEFENDANT'S ANSWER TO PLAINTIFF'S'
COMPLAINT

1704593.1

1

## THIRTIETH AFFIRMATIVE DEFENSE

2

(Estoppel)

3       30.     Plaintiff's and the proposed class members' alleged causes of action are barred, in

4    whole or in part, by the doctrine of estoppel.

5

## THIRTY-FIRST AFFIRMATIVE DEFENSE

6

(Unclean Hands)

7       31.     Plaintiff's and the proposed class members' alleged causes of action are barred, in

8    whole or in part, by the doctrine of unclean hands.

9

## THIRTY-SECOND AFFIRMATIVE DEFENSE

10

(Failure to Mitigate)

11      32.     Plaintiff and the proposed class members, in the exercise of reasonable diligence,

12   could have mitigated their alleged monetary damages and failed to exercise such reasonable

13   diligence and have not mitigated such alleged monetary damages.  By reason thereof, Plaintiff and

14   the proposed class members are barred, in whole or in part, from recovering any damages from

15   Defendant.

16

## THIRTY-THIRD AFFIRMATIVE DEFENSE

17

(Avoidable Consequences Doctrine)

18      33.     Plaintiff's and the proposed class members' claims for monetary relief are barred, in

19   whole or in part, on the basis of the avoidable consequences doctrine.

20

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

21

(Bad Faith)

22      34.     The Complaint is frivolous and was brought by Plaintiff in bad faith and by reason

23   of the conduct stated herein, Defendant is entitled to, and will seek, reasonable expenses, including

24   attorneys' fees, incurred in defending this action pursuant to California Code of Civil Procedure

25   §§ 128.5 and/or 128.7.

26   ///

27   ///

28   ///

8                    DEFENDANT'S ANSWER TO PLAINTIFF'S'
                                          COMPLAINT

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

35.     Defendant' conduct is not the sole and proximate cause of the alleged damages and losses, if any, of Plaintiff and the proposed class members.  Any damages and/or penalties awarded to Plaintiff must be apportioned according to the respective fault and legal responsibility of all parties, persons, and entities, or their agents and employees who contributed to and/or caused the alleged damages, if any, according to the proof presented at the time of trial.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Plaintiff's Own Conduct)

36.     The alleged claims are barred, in whole or in part, because if Plaintiff and the proposed class members suffered or sustained any damage or injury, as alleged in the Complaint, such injury was caused by Plaintiff's and the proposed class members' own conduct.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Entitlement to Restitution)

37.     Plaintiff and the proposed class members are precluded from recovering restitution, in whole or in part, from Defendant, under the applicable provisions of law because they cannot specify quantifiable monetary amounts for which restitution is owed.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

38.     The relief requested by Plaintiff and the proposed class members/ pursuant to California Business and Professions Code sections 17200 *et seq*., should be denied because they have an adequate remedy at law

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (No Violation of Underlying State Law)

39.     Defendant is not liable for violation of unlawful business practices pursuant to California Business and Professions Code sections 17200 *et seq.*, because it did not violate any underlying state law or public policy.

///

DEFENDANT'S ANSWER TO PLAINTIFF'S'
COMPLAINT

1704593.1

**FORTIETH AFFIRMATIVE DEFENSE**

(No Entitlement to Injunctive Relief)

40.     Plaintiff and the proposed class members are precluded from recovering injunctive relief, either in whole or in part, because Plaintiff and the proposed class members, as former employees, have not alleged or proved, and cannot allege or prove, that irreparable harm will result if injunctive relief is denied.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

(Substantial Compliance)

41.     Although Defendant denies that any violation of California wage and hour law or the Fair Credit Reporting Act occurred, to the extent any violation occurred, Defendant substantially complied with the law.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

(No Unfair, Misleading, or Deceptive Business Practices)

42.     Defendant is not liable for violation of unfair business practices pursuant to California Business and Professions Code sections 17200 *et seq.*, because its business practices were not unfair, not deceptive, and not likely to mislead anyone; and Defendant's practices complied with California law.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

(Setoff, Offset, or Recoupment)

43.     Some or all of the purported causes of action in the Complaint are subject to setoff, offset, or recoupment.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

(Attorneys' Fees Not Recoverable)

44.     Plaintiff and the proposed class members are precluded from recovering attorneys' fees from Defendant under applicable provisions of law.

///

///

///

DEFENDANT'S ANSWER TO PLAINTIFF'S' COMPLAINT

1704593.1

## FORTY-FIFTH AFFIRMATIVE DEFENSE

(Punitive Damages)

45.     Plaintiff's Complaint fails to state facts upon which punitive damages may be awarded.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

(Legitimate Non-Retaliatory Business Reason)

46.     The alleged claims are barred, in whole or in part, because all acts and/or omissions made by Defendant in connection with Plaintiff's and the proposed class members' employment were made for legitimate and non-retaliatory business reasons, which were neither arbitrary, capricious, nor unlawful.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

(Arbitration)

47.     To the extent Plaintiff and the proposed class members agreed to resolve disputes like those alleged in the Complaint through binding arbitration, and the agreement provides for arbitration as the sole and exclusive method for resolving any such disputes, then they are barred by the terms of such agreement from asserting her claims in any other forum or by any other procedure to resolve said disputes.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

(After Acquired Evidence)

48.     Defendant reserves the right to rely on any after acquired evidence of misconduct so as to reduce Plaintiff's and the proposed class members' damages, if any.

## FORTY-NINTH AFFIRMATIVE DEFENSE

(Additional Defenses)

49.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery or an investigation indicates that they would be appropriate.

///

11

DEFENDANT'S ANSWER TO PLAINTIFF'S'
COMPLAINT

1704593.1

### III. **PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.    For an order denying certification of the proposed class;

2.    That judgment be entered in favor of Defendant and against Plaintiff and the proposed class members;

3.    That Plaintiff and the proposed class members take nothing by the Complaint and that said Complaint be dismissed, in its entirety, with prejudice;

4.    That Defendant be awarded its costs incurred herein, including attorneys' fees pursuant to statute; and

5.    For such other and further relief to Defendant as the Court deems just and proper.

Dated:  October 28, 2020              CDF LABOR LAW LLP


By: _____

                                          Jen Cornell
                                          Teresa Ghali
                              Attorneys for Defendant
                              8X8, INC.

DEFENDANT'S ANSWER TO PLAINTIFF'S'
COMPLAINT

1704593.1

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action.  My business address is 600 Montgomery Street, Suite 440, San Francisco, CA 94111.  On October 28, 2020, I served upon the interested party(ies) in this action the following document described as:

**DEFENDANT 8X8, INC.'S ANSWER TO PLAINTIFF DENISE RIVAS' COMPLAINT**

By the following method:

David Yeremian
Roman Shkodnik
DAVID YEREMIAN & ASSOCIATES, INC.
535 N. Brand Blvd., Suite 705
Glendale, CA 91203

E-MAIL: david@yeremianlaw.com;
roman@yeremianlaw.com

Emil Davtyan
DAVTYAN LAW FIRM, INC.
880 E. Broadway
Glendale, CA 91205

E-MAIL: emil@davtyanlaw.com

[X]   By placing such envelope(s) with postage thereon fully prepaid into CDF Labor Law LLP's interoffice mail for collection and mailing pursuant to ordinary business practice.  I am familiar with the office practice of CDF Labor Law LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the CDF Labor Law LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service.

[X]   **(Courtesy copy via e-mail)** I caused the documents to be sent to the persons at the electronic notification addresses listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 28, 2020.

_____
Morgan Krutulis
(Type or print name)

_____
(Signature)

DEFENDANT'S ANSWER TO PLAINTIFF'S'
COMPLAINT

Carothers DiSante &
Freudenberger LLP

1704593.1